Michael J. Walsh, SBN 155401
Mark A. Walsh, SBN 201550
Walsh & Walsh, P.C.
420 Exchange, Suite 270
Tel: (714) 544-6609
Fax: (714) 544-6621
walshandwalsh@gmail.com

Gregory G. Brown, SBN 132004
Brown & Charbonneau LLP
420 Exchange, Suite 270
Irvine, California 92602
Tel: (714) 505-3000
Fax: (714) 505-3070
gbrown@bc-llp.com

Attorneys for plaintiffs
Chris Hudson and Canaan Reich,
individually and on behalf of all similarly situated individuals

## UNITED STATES DISTRICT COURT

## CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HUDSON and CANAAN REICH, individually, and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>ANTHEM INC., a corporation; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS, a corporation; THE ANTHEM COMPANIES, INC., a corporation; THE ANTHEM INSURANCE COMPANIES, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | CASE NO.  8:15-cv-296<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:**<br><br>**1. NEGLIGENCE**<br>**2. BREACH OF CONTRACT**<br>**3. VIOLATION OF STATE CONSUMER**<br>   **PROTECTION STATUTES;**<br>**4. UNFAIR COMPETITION; AND**<br>**5. COMMON COUNTS**<br><br>**DEMAND FOR JURY TRIAL** |

          Plaintiffs Chris Hudson and Canaan Reich, individually and on behalf of themselves and

on behalf of all others similarly situated ("Plaintiffs") allege, upon personal knowledge as to

themselves and their own acts and experiences and, as to all other matters, upon information and

belief, including investigation conducted by their counsel of record, all of the following:

-1-

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

**PARTIES**

1.     Plaintiffs are adult persons domiciled in the State of California. They bring this action individually, and on behalf of similarly situated consumers, employees and other individuals who provided their Protected Health Information ("PHI") and Personally Identifiable Information ("PII") to defendants Anthem, Inc., Blue Cross of California dba Anthem Blue Cross, The Anthem Companies, Inc., The Anthem Insurance Companies, Inc. and/or Does 1 through 100 (collectively, "Anthem"), and whose PHI and PII were accessed by third parties in a security breach, or series of security breaches, occurring from any unknown prior date up to and including February 2015. Plaintiffs bring this class action against Anthem for its failure to secure and safeguard plaintiffs' and other customers' and individuals' personal financial data. Plaintiffs have suffered actual damage within the State of California, by paying money for data storage and protection services not provided, and by having their PII and PHI accessed by criminals as a result of Anthem's breach of various contractual, statutory and common law obligations owed to Plaintiffs and the putative class.

2.     Plaintiffs are informed and believe and thereon allege that defendant Anthem, Inc., doing business as Anthem Health, Inc. is an Indiana corporation registered with the California Secretary of State to do business in California maintaining its corporate headquarters in the State of Indiana. Defendant Blue Cross of California, doing business as Anthem Blue Cross, is a corporation organized under the laws of the State of California and registered with the California Secretary of State to do business in California, maintaining its corporate headquarters in the State of Indiana. The Anthem Companies, Inc. is an Indiana corporation, registered with the California Secretary of State to do business in California with its corporate headquarters in the State of Indiana. The Anthem Insurance Companies, Inc. is an Indiana corporation, registered with the California Secretary of State to do business in California with its corporate headquarters in the State of Indiana. Defendants Doe 1 through Doe 100 are subsidiaries, divisions and other healthcare plans operating under the umbrella of the Anthem Companies, including, inter alia, Amerigroup, Caremore, Unicare, Healthlink and DeCare.

3.     Plaintiffs are informed and believe and thereon allege that Anthem provides healthcare benefit plans in several states, including, without limitation, California, Colorado,

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

CLASS ACTION COMPLAINT

339.001

1   Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New Hampshire, New York,

2   Ohio, Virginia and Wisconsin. The affected groups include those who purchased or obtained policies

3   sold through Anthem Blue Cross, Anthem Blue Cross and Blue Shield, Blue Cross and Blue Shield

4   of Georgia, Empire Blue Cross and Blue Shield, Amerigroup, Caremore, Unicare, HealthKeepers

5   and Golden West. Independent Blue Cross and Blue Shield plans affected include some members of

6   Arkansas BCBS, BCBS of Alabama, BCBS of Arizona, BCBS of Hawaii, BCBS of Kansas, BCBS

7   of Kansas City, BCBS of Louisiana, BCBS of Massachusetts, BCBS of Michigan, BCBS of

8   Minnesota, BCBS of Mississippi, BCBS of Nebraska, BCBS of North Carolina, BCBS of North

9   Dakota, BCBS of Rhode Island, BCBS of South Carolina, BCBS of Tennessee, BCBS of Vermont,

10   BCBS of Wyoming, Blue Cross of Idaho, Blue Shield of California, Capital Blue Cross, CareFirst

11   BCBS, BCBS of Florida, GeoBlue, HealthNow New York, Highmark BCBS, Horizon BCBS,

12   Hospital Service Association of Northeastern PA, Independence Blue Cross, La Cruz Azul, Lifetime

13   Healthcare, Inc., Premera BCBS, Wellmark BCBS, BlueCross BlueShield of Illinois, BlueCross

14   BlueShield of Texas, BlueCross BlueShield of Oklahoma, BlueCross BlueShield of New Mexico,

15   BlueCross BlueShield of Montana, Regence BlueCross BlueShield (in Oregon & Utah) and Regence

16   BlueShield (in Idaho and portions of Washington state). Anthem has admitted that "it appears that all

17   product lines are impacted except for those current or former Anthem members who had coverage

18   for workers compensation, life or disability insurance only." At least 80 million individuals have

19   been affected by Anthem's failure and refusal to adequately protects its members' PHI and PII.

20   Plaintiffs are informed and believe and thereon allege that, at all times mentioned herein, the

21   defendants, and each of them, were acting as the agent and/or employee of each remaining

22   defendant, and were acting with the permission and consent of each other, and within the course and

23   scope of said agency and/or employment. Plaintiff is informed and believes that Anthem, by and

24   through its officers, directors or managing agents ratified, authorized and approved, expressly or

25   impliedly, all of the conduct alleged herein.

26   ///

27   ///

28   ///

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-3-
CLASS ACTION COMPLAINT

339.001

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because at least one plaintiff and one defendant are citizens of different states, the amount in controversy exceeds $5 million (exclusive of interest and costs), there are more than 100 putative class members and there are no defendants against whom the district court may be foreclosed from ordering relief.

5.     This Court has personal jurisdiction over Anthem because Anthem conducts business in California and has sufficient minimum contacts in California. Anthem intentionally avails itself of the markets within California through the promotion, marketing, sale and distribution of products and services in California.

6.     The Central District of California is a proper venue for this action pursuant to 28 U.S.C. § 1391 because Plaintiffs suffered damage in this district, because Plaintiffs reside within this District, because Anthem regularly conducts business in this district, and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated in this district.

**FACTS**

7.     Anthem is one of the largest health insurance providers in the United States. In the course and scope of its business, in its computers and computer networks, stores and maintains sensitive customer information such as social security numbers ("SSNs"), names, member IDs, addresses, dates of birth, email addresses, employment information, credit card and other financial information which it is required to keep secure and safeguarded from theft. It has more than 30 million current health insurance enrollees and claimed a net income in excess of $2.5 billion last year alone.

8.     On February 4, 2015, Anthem disclosed that its computer systems had been hacked and that, as a result of this hacking, unauthorized persons had gain access to as many as 80 million records of current and former Anthem customers, containing PII and PHI data at some time between December 10, 2014 and January 27, 2015 (the "Data Breach"). Though Anthem knew about the Data Breach on January 27, 2015, it did not warn consumers about the Data Breach until February 5,

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

1   2015. Plaintiffs are informed and believe and thereon allege that the Data Breach may have begun as

2   early as April 2014.

3        9.    Plaintiffs are informed and believe and thereon allege the Data Breach could have

4   been prevented, but Anthem did not take reasonable and necessary precautions to protect its data

5   computer systems from unauthorized access. Anthem used only a single method of database access

6   authentication, allowing a hacker with access to just one login ID and password to gain access to its

7   entire database. Industry standards require such information to be encrypted and protected by, at a

8   minimum, at two-factor authentication method, such as a password and a dongle. Because Anthem

9   fell below this standard of care, it was relatively simple for a hacker to obtain access to its

10  customers' PII and PHI, and because Anthem kept its customers' and employees' PHI and PII in

11  unencrypted plain text, once accessed, that data was easily usable even to unsophisticated criminals.

12       10.    Plaintiffs are informed and believe and thereon allege Anthem had suffered massive

13  data breaches previously, including a breach of more than 600,000 consumer records in 2010, for

14  which it paid $1.7 million penalty to the U.S. Department of Health and Human Services, and a 2007

15  breach in which nearly 200,000 consumer records were accessed.  These prior public failures and

16  penalties were insufficient to motivate Anthem to employ proper security methods. Instead, Anthem

17  failed to employ reasonable precautions even after it obtained actual knowledge that its existing

18  security systems were inadequate to prevent access, and even after it obtained actual knowledge that

19  its existing security systems had been breached.

20       11.    Plaintiffs are informed and believe and thereon allege that the Data Breach should

21  have been detected months prior to its actual discovery date, and that the Data Breach should have

22  been disclosed to consumers prior to February 5, 2015.

23       12.    After the Data Breach, Anthem encouraged members to check their credit reports,

24  place holds on their credit reports, and close affected accounts. However fraudulent use of their data

25  might not be apparent for years. Therefore, members must expend considerable time and resources

26  taking these precautions for years to come. Plaintiffs and the Class suffered additional damages

27  based on the opportunity cost and value of time that Plaintiffs and the Class have been forced to

28  expend to monitor their financial and bank accounts as a result of the Data Breach. Plaintiffs are

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

1   informed and believe and thereon allege that it is all virtually inevitable that victims of the Anthem

2   Data Breach will suffer substantial and long-lasting harm as a result of the Data Breach, because this

3   Data Breach included all of the data, including SSNs, that identity thieves would need to commit

4   fraud in the name of Anthem's customers. Thieves can open credit card and bank accounts, obtain

5   loans and leases, purchase goods and services and even file false tax returns in the names of

6   Anthem's customers.

7      13. Plaintiffs and the putative class had a reasonable expectation that their PHI and PII

8   would remain private and confidential. They did not expect their PHI and PII to be left vulnerable to

9   hackers. Some of the consideration paid by Plaintiffs and the putative class can be attributed to

10   Anthem's express promises to reasonably maintain and secure this crucial member data.

11      14. Plaintiffs are informed and believe and thereon allege that Anthem had actual

12   knowledge that the customer and employee data it maintains is sensitive and valuable to identity

13   thieves. On its website (at

14   http://www.anthem.com/wps/portal/ahpfooter?content_path=shared/noapplication/f6/s0/t0/pw_ad07

15   0870.htm) under the heading "Personal Information (Including Social Security Number) Privacy

16   Protection Policy", Anthem made the following representations of fact:

17       *Anthem Blue Cross and Blue Shield maintains policies that protect the confidentiality*

18       *of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions. Anthem Blue*

19       *Cross and Blue Shield is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).*

20       *Personal Information is information that is capable of being associated with an*

21       *individual through one or more identifiers including but not limited to, a Social Security number, a driver's license number, a state identification card number, an*

22       *account number, a credit or debit card number, a passport number, an alien*

23       *registration number or a health insurance identification number, and does not include publicly available information that is lawfully made available to the general public*

24       *from federal, state or local government records or widely distributed media.*

25       • *Anthem Blue Cross and Blue Shield is committed to protecting the*

26       *confidentiality of Social Security numbers and other Personal Information.*

27       • *Anthem Blue Cross and Blue Shield's Privacy Policy imposes a number of standards to:*

28

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

*guard the confidentiality of Social Security numbers and other personal information,*

*prohibit the unlawful disclosure of Social Security numbers, and*

*limit access to Social Security numbers.*

*Anthem Blue Cross and Blue Shield will not use or share Social Security numbers or personal information with anyone outside the company except when permitted or required by federal and state law.*

*Anthem Blue Cross and Blue Shield Associates must only access Social Security numbers or personal information as required by their job duties. Anthem Blue Cross and Blue Shield has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.*

*Anthem Blue Cross and Blue Shield safeguards Social Security numbers and other personal information by having physical, technical, and administrative safeguards in place.*

15.     Plaintiffs are informed and believe and thereon allege that, despite this knowledge, Anthem did not control access to individuals' PHI and PII in accordance with healthcare industry standards for the protection of such data, and it failed and refused to comply with healthcare industry regulations under the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA Security Rules require that PHI be safeguarded, and that unauthorized disclosures of PHI be treated as a security incident (as such term is defined under 45 C.F.R. § 164.304) and that Anthem implement certain administrative safeguards. 45 C.F.R. § 164.308(a)(6).

16.     A portion of the money paid for the products at Anthem was to provide for adequate security to protect their personal information. As a result of Anthem's practices, Plaintiffs and the Class they seek to represent, have been damaged and have lost money or property as a result of Anthem's misrepresentations, concealments, and non-disclosure of its poor, substandard security practices, because they purchased products and services of a quality different than they were promised and contracted for, and paid a premium, for what they believed was a safe purchase, that they otherwise would not have paid. As a result of Anthem's breach of its promises and its statutory and common law obligations to Plaintiffs and the putative class, criminals now have Anthem members' PHI and PIII, including SSN's, names, addresses, emails and other data that can be used

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

CLASS ACTION COMPLAINT

339.001

1  for identity theft and other fraud. This data, in and of itself, has a black market value of $10 to $25 in

2  bits and pieces, and upwards of $300 to $400 in complete sets. Once in the hands of criminals, the

3  loss of security in this data will force Plaintiffs and the putative class to devote time and money

4  (substantially more than this black market value), to monitor and protect their credit records. Once

5  their data is actually used by identity thieves, any and all putative class members could lose the

6  ability to borrow money, purchase goods and services, open bank accounts and file proper tax

7  returns and collect tax refunds owed them by the IRS or state tax authorities.

8      17.    Plaintiffs would not have paid Anthem or provided their PHI and PII to Anthem had

9  they known that Anthem lacked adequate data security to protect their personal, medical and

10  financial information. Plaintiffs suffered actual injury from having their financial, medical and

11  personal information stolen as a result of the Anthem Data Breach and the delay in notice from

12  Anthem.

13  <u>**CLASS ALLEGATIONS**</u>

14      18.    Plaintiffs bring this action on behalf of themselves and all other individuals similarly

15  situated. This suit may be maintained as a class action pursuant to F.R.C.P. Rules 23(a) and (b)(1),

16  (b)(2) and/or (b)(3). Plaintiffs seek to represent a Class composed of and defined as follows:

17  "All individuals in the United States whose PHI or PII was compromised as a result of the Data

18  Breach disclosed by Anthem on February 4, 2015, excluding any current or former officers,

19  directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Anthem or

20  its counsel, any judicial officers presiding over this matter and the members of their immediate

21  families and judicial staff and or counsel for Plaintiffs in this or any potential related class action(s)

22  and their immediate families."

23      19.    Plaintiffs also seek to certify a subclass consisting of all members of the Class who are

24  residents of California or purchased health insurance policies from Anthem in California. Plaintiffs

25  reserve the right to amend or modify the class description with greater specificity or further division

26  into subclasses or limitation to particular issues. Certification of Plaintiffs' claims on behalf of the

27  entire class and subclass is appropriate because Plaintiffs can prove all elements of their claims on a

28  class-wide basis using the same evidence that would be used to prove those elements in individual

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-8-

CLASS ACTION COMPLAINT

339.001

1  actions alleging the same claims. The members of the proposed Class and subclass are readily

2  ascertainable from Anthem's written records. Notice to the Class and Subclass can be provided from

3  the same records.

4        20.     The Class is so numerous that joinder of all the members of the proposed Class is

5  impracticable. While the precise number of proposed Class members has not been determined, by

6  Anthem's own admissions, the approximate number of affected individuals is 80 million members.

7        21.     There are questions of law and fact common to the proposed Class that predominate

8  over any questions affecting only individual class members. These common questions of law and

9  fact include, without limitation: (a) whether Anthem owed a legal duty to protect its customers' PII

10  and PHI with industry-standard security measures; (b) whether  Anthem knew or should have known

11  that Class members' data was vulnerable to theft; (c) whether Anthem failed to protect its customers'

12  PII and PHI with industry-standard security measures; (d) whether  Anthem's failures to act

13  reasonably and/or to perform all obligations required of Anthem under its agreements with Class

14  members was the proximate cause of the Data Breach; (e) whether  Anthem owed a duty to provide

15  timely and accurate notice of the Anthem Data Breach to Plaintiffs and members of the Class; (f)

16  whether Anthem engaged in the wrongful conduct alleged herein; (g) whether Anthem failed to

17  disclose material facts relating to its policies and practices concerning the storage and protection of

18  PHI and PII; (h) whether Anthem's business practices are false, misleading, or reasonably likely to

19  deceive the average reasonable person, or the least sophisticated consumer; (i) whether Anthem was

20  negligent, grossly negligent or negligent-per-se; (j) whether Anthem's conduct was reckless; (k)

21  whether Anthem's conduct constitutes a breach of contract; (l) whether California law governs some

22  or all of the claims of the proposed Subclass; (m) whether Anthem violated the California Data

23  Breach Act; (n) whether  Anthem's conduct was deceptive, unfair, and/or unlawful; (o) whether

24  Anthem engaged in unlawful, unfair, or fraudulent business practices in violation of California's

25  Business and Professions Code § 17200; (p) whether Plaintiffs and Class members are entitled to

26  recover damages; and (q) whether Plaintiffs and other Class members are entitled to equitable relief,

27  including, but not limited to injunctive relief, restitution, disgorgement, and/or other equitable relief.

28

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel:  (714) 544-6609

-9-
CLASS ACTION COMPLAINT

339.001

22.     The claims of the named Plaintiffs are typical of the claims of the proposed Class. Plaintiffs and all members of the proposed Class sustained injuries and damages arising out of Anthem's single common course of conduct and they assert the same claims for relief.

23.     Plaintiffs and their counsel will fairly and adequately represent the interests of the Class members. Plaintiffs have no interests adverse to, or in conflict with, the interests of other Class members. Plaintiffs' lawyers are competent and experienced in the prosecution of consumer class actions and complex commercial litigation.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that class members have little or no interest in individually controlling the prosecution of separate actions; the action is manageable as a class action because, compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient, promotes judicial economy and reduces the risk of conflicting judicial determinations. Anthem has acted or refused to act on grounds generally applicable to the entire Class, such that injunctive relief or declaratory relief is appropriate as to the Class as a whole. The expense and burden of litigation would substantially impair the ability of Plaintiffs and Class members to pursue individual lawsuits to vindicate their rights, and without class-wide litigation, Anthem will retain the benefits of its wrongful conduct. Plaintiffs are unaware of any difficulties that are likely to preclude the efficient management of this case as a class action.

## FIRST CAUSE OF ACTION

### Count One - Negligence

**(On Behalf of Plaintiffs and the Entire Putative Class)**

25.     Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 24, as though fully alleged herein.

26.     By accepting Plaintiffs' and Class members' PHI and PII, Anthem assumed a duty to use reasonable and minimum industry-standard care to secure such information against theft.

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

27.     Anthem breached its duty of care by failing to adequately secure and protect Plaintiffs' and Class members' PHI and PII from theft and misuse by unauthorized parties. Anthem further breached its duty of care by failing to promptly and fully inform Plaintiffs and the Class members that their PHI and PII had been stolen. Anthem further breached its duty by failing to purge records related to former Anthem customers from its main database.

28.     As a direct and proximate result of Anthem's failure to take reasonable care and use industry-standard measures to protect the PHI and PII entrusted to it, and by failing to purge data relating to former customers, Plaintiffs and members of the putative Class had their PHI and PII stolen.

29.     As a direct and proximate result of Anthem's negligence and misconduct and the resulting theft in the Data Breach, Plaintiffs and the putative Class members suffered actual damage, including, without limitation, damage to credit scores and credit reports; time and expense related to searching for fraudulent accounts, monitoring their identity; credit monitoring and identity theft prevention, nuisance and annoyance of dealing with all these issues and loss of productivity from taking time to address the harms caused by the Anthem Data Breach, all to the Plaintiffs and Class members' actual damage in an amount to be proven at the time of trial.

<u>**Count Two – Negligence Per Se**</u>

**(On Behalf of Plaintiffs and the Entire Putative Class)**

30.     Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 29, as though fully alleged herein.

31.     Pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, Anthem owed a duty to keep and protect the personal information of its customers. Pursuant to HIPAA, 42 U.S.C. § 1320d, Anthem owed a duty to keep and protect the PII of its customers.

32.     Anthem violated the Gramm-Leach-Bliley Act by failing to keep and protect Plaintiffs' and putative Class members' PHI and PII, failing to monitor, and failing to ensure compliance with data security standards, industry standards, statutes and regulations to protect such data. Anthem violated HIPAA by failing to keep and protect its customers' PHI and PII, failing to

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

1    monitor, and failing to ensure compliance with data security standards, statutes and regulations to

2    protect such data.

3        33.    Anthem's failure to comply with the Gramm-Leach-Bliley Act, and/or other industry

4    standards and regulations, constituted negligence per se. Anthem's failure to comply with HIPAA,

5    and/or other industry standards and regulations, constitutes negligence per se.

6        34.    As a direct and proximate result of Anthem's negligence per se, Plaintiffs and the

7    putative Class members suffered actual damage, including, without limitation, damage to credit

8    scores and credit reports; time and expense related to searching for fraudulent accounts, monitoring

9    their identity; credit monitoring and identity theft prevention, nuisance and annoyance of dealing

10   with all these issues and loss of productivity from taking time to address the harms caused by the

11   Anthem Data Breach, all to the Plaintiffs and Class members' actual damage in an amount to be

12   proven at the time of trial.

13

14                        **SECOND CAUSE OF ACTION**

15                    **Count One - Breach of Written Agreement**

16                    **(On Behalf of Plaintiffs and the Entire Putative Class)**

17       35.    Plaintiffs, individually and on behalf of all employees similarly situated, hereby

18   restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1

19   through 34, as though fully alleged herein.

20       36.    Plaintiffs and the putative Class entered into written agreement(s) with Anthem,

21   pursuant to which the Plaintiffs and the Putative Class agreed to pay certain premiums and Anthem,

22   among other things, agreed to abide by its "Personal Information (Including Social Security

23   Number) Privacy Protection Policy".

24       37.    Anthem breached the agreements by failing and refusing to perform all of the

25   promises set forth in its Personal Information (Including Social Security Number) Privacy Protection

26   Policy.

27       38.    Plaintiffs and the putative Class performed all obligations due to be performed on

28   their part.

CLASS ACTION COMPLAINT

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

39.     As a direct and proximate result of Anthem's breach of the promises set forth in its Personal Information (Including Social Security Number) Privacy Protection Policy, Plaintiffs and the putative Class have suffered actual damage in a cumulative amount in excess of the minimum required for the jurisdiction of this Court.

### Count Two - Breach of Implied Contract

**(On Behalf of Plaintiffs and the Entire Putative Class)**

40.     Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 39, as though fully alleged herein.

41.     California and each state in which Anthem conducts business implies a covenant of good faith and fair dealing in every contract. Plaintiffs' and the Class members' agreements with Anthem included implied promises by which Anthem agreed to safeguard and protect the members' PHI and PII given to Anthem as part of their agreement for Anthem's services, and to timely notify Plaintiffs and Class members when their data was breached. Plaintiffs and the Class members would not have provided their PII and PHI to Anthem in the absence of this implied covenant.

42.     Plaintiffs and the putative Class members performed all obligations due to be performed on their part under their implied contracts with Anthem.

43.     Anthem did not perform what was required under the aforementioned implied covenants. Instead, Anthem breach the covenant of good faith and fair dealing implied in its contracts with Plaintiffs and the Class by failing to use and provide reasonable and industry-standard security practices.

44.     As a direct and proximate result of Anthem's breach of the implied promises set forth in the implied agreements, Plaintiffs and the putative Class have suffered actual damage in a cumulative amount in excess of the minimum required for the jurisdiction of this Court.

///

///

///

///

CLASS ACTION COMPLAINT

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

**THIRD CAUSE OF ACTION**

**Count One - Violation of Statute (Indiana Code §§ 24-5-0.5, et seq.)**

**(On Behalf of Plaintiffs and the Entire Putative Class)**

45.    Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 44, as though fully alleged herein.

46.    Anthem is subject to Indiana law in all of its dealings throughout the United States.

47.    Indiana Code § 24-5-0.5-3(a) prohibits a company from engaging in deceptive acts in its business dealings with consumers. Plaintiffs and the putative Class members' transactions with Anthem were "consumer transactions" under Indiana Code § 24-5-0.5-2(1). Anthem is a "Person" subject to these prohibitions, and is a "Supplier" under such provisions.

48.    Anthem violated Indiana Code § 24-5-0.5 by engaging in unlawful, unfair, fraudulent, deceptive, untrue, and misleading acts and practices, as described herein.

49.    Anthem violated Indiana Code § 24-5-0.5 by accepting and storing its customers PHI and PII without taking reasonable steps to protect it from theft as it had promised, in writing, to do, and by initially concealing from consumers its knowledge that the Data Breach had occurred.

50.    Indiana Code § 24- 5-0.5-4(a) authorizes a consumer harmed by an uncured or incurable deceptive act to bring an action for damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. If the defendant acted willfully, the Court may treble the damages or award $1,000, whichever is greater.

51.    As a direct and/or proximate result of Anthem's unlawful, unfair, and fraudulent practices, Plaintiffs and the putative Class have suffered actual harm and lost money and property in connection with the Anthem Data Breach.

**Count Two - Violation of Statute (California Data Breach Act)**

**(On Behalf of Plaintiffs and the Putative California SubClass)**

52.    Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 51, as though fully alleged herein.

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

CLASS ACTION COMPLAINT

339.001

53. California Civil Code § 1798.82 provides, in pertinent part, as follows:

*(a) A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The disclosure shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system.*

*(b) A person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of the breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person.*

*(c) The notification required by this section may be delayed if a law enforcement agency determines that the notification will impede a criminal investigation. The notification required by this section shall be made promptly after the law enforcement agency determines that it will not compromise the investigation.*

*(d) A person or business that is required to issue a security breach notification pursuant to this section shall meet all of the following requirements:*

*(1) The security breach notification shall be written in plain language.*

*(2) The security breach notification shall include, at a minimum, the following information:*

*(A) The name and contact information of the reporting person or business subject to this section.*

*(B) A list of the types of personal information that were or are reasonably believed to have been the subject of a breach.*

*(C) If the information is possible to determine at the time the notice is provided, then any of the following: (i) the date of the breach, (ii) the estimated date of the breach, or (iii) the date range within which the breach occurred. The notification shall also include the date of the notice.*

*(D) Whether notification was delayed as a result of a law enforcement investigation, if that information is possible to determine at the time the notice is provided.*

*(E) A general description of the breach incident, if that information is possible to determine at the time the notice is provided.*

*(F) The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a social security number or a driver's license or California identification card number.*

*(G) If the person or business providing the notification was the source of the breach, an offer to provide appropriate identity theft prevention and mitigation services, if any, shall be provided at no cost to the affected person for not less than 12 months, along with all information necessary to take advantage of the offer to any person whose information was or may have been breached if the breach exposed or may have exposed personal information defined in subparagraphs (A) and (B) of paragraph (1) of subdivision (h).*

*(3) At the discretion of the person or business, the security breach notification may*

CLASS ACTION COMPLAINT

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

*also include any of the following:*

*(A) Information about what the person or business has done to protect individuals whose information has been breached.*

*(B) Advice on steps that the person whose information has been breached may take to protect himself or herself.*

*(4) In the case of a breach of the security of the system involving personal information defined in paragraph (2) of subdivision (h) for an online account, and no other personal information defined in paragraph (1) of subdivision (h), the person or business may comply with this section by providing the security breach notification in electronic or other form that directs the person whose personal information has been breached promptly to change his or her password and security question or answer, as applicable, or to take other steps appropriate to protect the online account with the person or business and all other online accounts for which the person whose personal information has been breached uses the same user name or email address and password or security question or answer.*

*(5) In the case of a breach of the security of the system involving personal information defined in paragraph (2) of subdivision (h) for login credentials of an email account furnished by the person or business, the person or business shall not comply with this section by providing the security breach notification to that email address, but may, instead, comply with this section by providing notice by another method described in subdivision (j) or by clear and conspicuous notice delivered to the resident online when the resident is connected to the online account from an Internet Protocol address or online location from which the person or business knows the resident customarily accesses the account.*

*(e) A covered entity under the federal Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. Sec. 1320d et seq.) will be deemed to have complied with the notice requirements in subdivision (d) if it has complied completely with Section 13402(f) of the federal Health Information Technology for Economic and Clinical Health Act (Public Law 111-5). However, nothing in this subdivision shall be construed to exempt a covered entity from any other provision of this section.*

*(f) A person or business that is required to issue a security breach notification pursuant to this section to more than 500 California residents as a result of a single breach of the security system shall electronically submit a single sample copy of that security breach notification, excluding any personally identifiable information, to the Attorney General. A single sample copy of a security breach notification shall not be deemed to be within subdivision (f) of Section 6254 of the Government Code.*

*(g) For purposes of this section, "breach of the security of the system" means unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the person or business. Good faith acquisition of personal information by an employee or agent of the person or business for the purposes of the person or business is not a breach of the security of the system, provided that the personal information is not used or subject to further unauthorized disclosure.*

54.     The Anthem Data Breach constituted a "breach of the security system" of Anthem. The names, addresses, emails, birth dates, SSNs, employment and income information constitute "personal information" of Plaintiffs and the putative Class.

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-16-
CLASS ACTION COMPLAINT

339.001

55.     Anthem negligently and recklessly failed to provide reasonable and adequate security measures. Anthem also unreasonably delayed informing Plaintiffs and the putative Class about the Data Breach after Anthem knew the Data Breach had occurred. Anthem failed to disclose to Class members without unreasonable delay and in the most expedient time possible, the breach of security of consumers' personal and financial information when they knew or reasonably believed such information had been compromised, even though no law enforcement agency had instructed Anthem that notification to Class members would impede its investigation.

56.     Plaintiffs have not waived their rights under the California Data Breach Act, and pursuant to California Civil Code § 1798.84, any purported waiver of the California Data Breach Act is contrary to public policy, void and unenforceable.

57.     Any customer injured by a violation of the California Data Breach Act has standing to commence a civil action to recover damages. Plaintiffs and the putative class have suffered actual damages as a proximate result of Anthem's violations of the California Data Breach Act.

58.     For a willful, intentional, or reckless violation of Civil Code § 1798.83, customers may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83.

59.     Plaintiffs are entitled to a temporary restraining order, preliminary injunction and permanent injunction enjoining Anthem from further violations of the California Data Breach Act.

60.      Plaintiffs are entitled to recover their reasonable attorney's fees pursuant to Civil Code § 1798.84(g).

**Count Three - Violation of Statute (Confidentiality of Medical Information Act)**

**(On Behalf of Plaintiffs and the Putative California SubClass)**

61.     Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 60, as though fully alleged herein.

62.     Anthem is a provider of health care within the meaning of Civil Code § 56.06(a) and maintains medical information as defined by Civil Code § 56.05(g). Plaintiffs are patient of Anthem,

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

CLASS ACTION COMPLAINT

339.001

1   as defined in Civil Code § 56.05(h). Anthem maintains personal medical information of Plaintiffs

2   and the Class. Anthem has misused and/or disclosed medical information regarding Plaintiffs

3   without written authorization compliant with the provisions of Civil Code § 56, et seq. Anthems'

4   misuse and/or disclosure of medical information regarding the Plaintiffs and the putative Class

5   constitute violations of Civil Code §§ 56.10, 56.11, 56.13, and 56.26.

6      63. Plaintiffs and the Class suffered damages from the improper misuse and/or disclosure

7   of their medical information and are entitled to relief under Civil Code §§ 56.35 and 56.36, including

8   actual damages, statutory damages, penalties, attorney fees and costs of suit pursuant to Civil Code

9   §§ 56.35 and 56.36.

10

11   **FOURTH CAUSE OF ACTION**

12   **Unfair Competition**

13   **(On Behalf of Plaintiffs and the Putative California SubClass)**

14      64. Plaintiffs, individually and on behalf of all employees similarly situated, hereby

15   restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1

16   through 63, as though fully alleged herein.

17      65. California Business & Professions Code § 17200 prohibits any "unlawful, unfair or

18   fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Anthem

19   violated and continues to violate California Business & Professions Code § 17200 by engaging in

20   the aforementioned unlawful, unfair and fraudulent conduct.

21      66. Anthem is a "person" as defined under Business and Professions Code § 17021. The

22   directors, officers and/or agents of Anthem are responsible for the acts of the others as set forth in

23   Business and Professions Code § 17095.

24      67. Anthem maintains and operates businesses in California, providing services to the

25   public as defined in Business and Professions Code §§ 17022 and 17024.

26      68. The victims of the unfair, fraudulent and/or illegal business practices include, but are

27   not limited to, Plaintiff, the Putative Class Members, other employees of Anthem, and the general

28   public.

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-18-
CLASS ACTION COMPLAINT

339.001

69.     The unfair competition alleged herein resulted in injury that includes an actual loss of money and property.

70.     Business and Professions Code § 17203 provides that when a person or entity engages in unfair competition such as that alleged above, the court is authorized to make such orders or judgments as may be necessary to prevent the use or employment by any such person or entity of any such practice as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition. All remedies are cumulative pursuant to Business and Professions Code § 17205.

71.     Anthem violated Business & Professions Code § 17200 by storing Plaintiffs' and the Class members' PHI and PII without taking reasonable steps to protect it from unauthorized access, in violation of industry standards and practices; by failing and refusing to inform consumers that it did not have reasonable practices, safeguards and security for their PHI and PII; and by failing to promptly notify Plaintiffs and the Class Members of the Data Breach.

72.     Anthem's above-described wrongful acts and practices also constitute unlawful business acts and practices in violation of California's fraud statutes, including, without limitation, Civil Code §§ 1572-1573 and 1709-1711, the California Data Breach Act (Civil Code §§ 1798.80, et seq.) and state and federal common law.

73.     Anthem's wrongful acts and practices constituted unfair business acts and practices because the conduct did not conform to Anthem's written promises to its subscribers.

74.     As a direct and proximate result of Anthem's unlawful, unfair, and fraudulent practices, Plaintiffs and the California SubClass have suffered injury and lost money and property as a result of the Anthem Data Breach, for which they are entitled to restitution, disgorgement, and/or other equitable relief.

///

///

///

///

///

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-19-
CLASS ACTION COMPLAINT

339.001

**FIFTH CAUSE OF ACTION**

**Common Counts**

**(On Behalf of Plaintiffs and the Entire Putative Class)**

75.     Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege and incorporate by reference herein, the allegations contained in paragraphs 1 through 74, as though fully alleged herein.

76.     Anthem received money belonging to Plaintiffs and the putative Class when it sold them products and/or services with substandard security. Plaintiffs and Class members conferred a monetary benefit on Anthem in the form of monies paid for the purchase of services during the period of the Anthem Data Breach.

77.     Anthem benefited from the receipt of such money and retained it. The monies paid for the purchase of services by Plaintiffs and the putative Class to Anthem were supposed to be used by Anthem, among other things, to pay for the costs of providing reasonable data security and protection to Plaintiffs and the putative Class. Instead, Anthem failed to provide reasonable safeguards to protect its customers' PHI and PII. As a result, Plaintiffs and putative Class overpaid for the services purchased prior to the Data Breach and did not receive the services they were explicitly promised by Anthem.

78.     The principles of equity require that Anthem not be permitted to retain the money Plaintiffs and the putative Class paid for such data security services which were not provided. Instead, Anthem must restore such moneys to Plaintiffs and the putative Class and must disgorge all such revenues into a common fund for the benefit of Plaintiffs and the putative Class.

**PRAYER FOR RELIEF**

NOW, THEREFORE, plaintiffs Chris Hudson and Canaan Reich, individually and on behalf of others similarly situated, and on behalf of the general public, pray for judgment as follows:

1.     For an order certifying this case as a class action, appointing the Plaintiffs as Class Representatives; and appointing their counsel as Class Counsel;

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

CLASS ACTION COMPLAINT

339.001

2.      For actual compensatory damages, according to proof;

3.      For statutory damages, according to proof;

4.      For statutory penalties;

5.      For restitution, according to proof;

6.      For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Anthem from the unfair business acts and practices described herein;

7.      For prejudgment interest at the legal rate;

8.      For costs of suit, including reasonable attorneys' fees; and

9.      For such other and further relief as the Court deems necessary and proper.

DATED:  February 18, 2015                **WALSH & WALSH, P.C.**


                                         By: s/Michael J. Walsh
                                         MICHAEL J. WALSH
                                         Attorneys for Plaintiffs
                                         Chris Hudson and Canaan Reich,
                                         individually and on behalf of all
                                         similarly situated individuals

DATED:  February 18, 2015                **BROWN & CHARBONNEAU, LLP**


                                         By: s/Gregory G. Brown
                                         Gregory G. Brown
                                         Attorneys for Plaintiffs
                                         Chris Hudson and Canaan Reich,
                                         individually and on behalf of all
                                         similarly situated individuals

CLASS ACTION COMPLAINT

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

339.001

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs, individually and on behalf of all others similarly situated, demand a jury trial.

3

4

DATED:  February 18, 2015                    **WALSH & WALSH, P.C.**

5

6

By: s/Michael J. Walsh
MICHAEL J. WALSH
Attorneys for Plaintiffs
Chris Hudson and Canaan Reich,
individually and on behalf of all
similarly situated individuals

7

8

9

10

DATED:  February 18, 2015                    **BROWN & CHARBONNEAU, LLP**

11

12

By: s/Gregory G. Brown
Gregory G. Brown
Attorneys for Plaintiffs
Chris Hudson and Canaan Reich,
individually and on behalf of all
similarly situated individuals

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALSH & WALSH, P.C.
ATTORNEYS AT LAW
420 Exchange, Suite 270
Irvine, CA 92602
Tel: (714) 544-6609

-22-
CLASS ACTION COMPLAINT

339.001